Argued and submitted February 3, ballot title certified February 20, 1998

Harold N. (Mike) MILLER,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Roy KEENE,
*Intervenor.*

(SC S44880)

952 P2d 555

John A. DiLorenzo, Jr., of Hagen, Dye, Hirschy & DiLorenzo, PC, Portland, argued the cause and filed the petition for petitioner.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

William C. Carpenter, Jr., Eugene, argued the cause and filed a response for intervenor.

PER CURIAM

## PER CURIAM

This is a ballot title review proceeding. Petitioner is an elector who, pursuant to the provisions of ORS 250.067(1), submitted written comments on the proposed ballot title in a timely manner. He therefore is entitled to seek our review.

The Attorney General certified the following ballot title for what the Secretary of State has labeled Measure 65:

"RESTRICTS LOGGING ON PRIVATE AND
NONFEDERAL PUBLIC LAND

"RESULT OF 'YES' VOTE: 'Yes' vote increases restrictions on logging on private and nonfederal public lands.

"RESULT OF 'NO' VOTE: 'No' vote retains current restrictions on logging on private and nonfederal public lands.

"SUMMARY: Amends Forest Practices Act to prohibit logging operations leaving less than a specified number of trees per acre, depending on nature of forested area. Prohibits or restricts logging and road construction near streams and springs. Prohibits logging on slopes greater than 65%. Contains several exemptions. Requires Forestry Board to establish enforcement unit, which may impose penalties for violations. Citizen may sue Board, State Forester for failure to enforce provisions. Governor must petition federal government to observe same logging standards on federal lands in Oregon."

Petitioner challenges only the Attorney General's certified caption. We have considered each of petitioner's arguments but are not persuaded that the certified caption fails to comply substantially with the statutory requirements. *See* ORS 250.035(2)(a) (prescribing content of ballot title's caption for statewide measure); ORS 250.085(5) (providing this court's standard of review). Accordingly, we certify the Attorney General's ballot title to the Secretary of State.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).